UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 08-67-P-H-05** |
| ) | |
| **GREGORY ODOM,** ) | |
| ) | |
| **DEFENDANT** ) | |

**MEMORANDUM OPINION ON SENTENCING ISSUES**[1]

The parties have asked me to determine, before sentencing and based upon their written sentencing memoranda, whether the defendant Gregory Odom is to be treated as a career offender under Sentencing Guideline § 4B1.1, and if so, his offense level.  First, I conclude that two prior convictions, detailed in paragraphs 25 and 26 of the Revised Presentence Report, qualify Odom as a career offender.  Second, I conclude that Odom's offense level is determined by the statutory maximum sentence, derived from the conspiracy-wide amount of drugs to which Odom pleaded guilty, not the amount individually attributable to him under United States v. Colon-Solis, 354 F.3d 101 (1st Cir. 2004).  Accordingly, as a career offender, Odom is ascribed offense level 37 under the Sentencing Guidelines.

---

[1] Although the parties initially suggested that they might request oral argument on these issues, neither the prosecution nor the defense made such a request.

**ANALYSIS**

*I. Career Offender*

Section 4B1.1 of the U.S. Sentencing Guidelines provides:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). There is no dispute that Odom meets the first two requirements. The only question is whether two of Odom's prior convictions (paragraphs 25 and 26 of the Presentence Report) qualify as "prior felony convictions of either a crime of violence or a controlled substance offense" under prong three of Section 4B1.1(a).

Paragraph 26 of the Presentence Report details a conviction for breaking and/or entering into a home. The Guidelines define "crime of violence" as including "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . is burglary of a dwelling." U.S.S.G. § 4B1.2(a). Under the applicable North Carolina statute, Odom's offense was punishable by imprisonment for a term exceeding one year. N.C. Gen. Stat. 14-54(A); N.C. Gen. Stat. § 15A-1340.17(c), (d); Transcript of Plea, <u>North Carolina v. Odom</u>, 01-CRS-105500, at 2 (Attachment to Def.'s Sentencing Mem. at 21 (Docket Item 267-4)) (Class H felony, maximum sentence of 30 months imprisonment). The conviction listed in paragraph 26 thus plainly qualifies as a "crime of violence" under the Guidelines.

2

Paragraph 25 of the Presentence Report also describes a North Carolina conviction for breaking and/or entering into a home. Odom nonetheless argues that because this home was the home of Odom's mother and step-father, a home in which Odom himself was residing at the time, it does not qualify as a burglary of a dwelling under the definition of "crime of violence." Def.'s Sentencing Mem. at 2 (Docket Item 267) (citing no supporting authority). But I do not look behind the conviction to determine whether a conviction of burglary of a particular dwelling carried with it a risk of violence.[2]

Since Odom has at least two prior felony convictions of either a crime of violence or a controlled substance offense, Odom is categorized as a career offender under the Guidelines.

## II. *Offense Level*

As a career offender, under Section 4B1.1 of the Guidelines, Odom's offense level is 37 because the statutory *maximum* penalty for the crime to which he has pleaded guilty is life imprisonment, regardless of whether Colon-Solis applies to reduce Odom's statutory *minimum* sentence.

---

[2] I also observe that the conviction described in paragraph 25 lists three crimes—the breaking and entering of Odom's family home, larceny from that home, and also *possession with intent to sell marijuana*. The Guidelines provide that a "controlled substance offense" for purposes of career offender status is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Under the applicable North Carolina drug statute, Odom's offense was punishable by imprisonment or a term exceeding one year. N.C. Gen. Stat. § 90-95(A); N.C. Gen. Stat. § 15A-1340.17(c), (d); Transcript of Plea, North Carolina v. Odom, 01-CRS-079475, at 2 (Attachment to Def.'s Sentencing Mem. at 6 (Docket Item 267-4)) (Class I felony, maximum sentence of 15 months imprisonment). Thus the conviction listed in paragraph 25, for possession with intent to sell marijuana, qualifies as a "controlled substance offense" under prong three of Section 4B1.1(a) of the Guidelines.

Odom pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute controlled substances, including 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846.  Pursuant to statute, if a drug conspiracy involves "50 grams or more of [cocaine] which contains cocaine base . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." Id. § 841(b)(1)(A)(iii).  Accordingly, by pleading guilty to Count One of the Second Superseding Indictment, Odom is subject to a statutory maximum term of life imprisonment.

Colon-Solis held that for a statutory mandatory *minimum* sentence, "when a district court determines drug quantity for the purpose of sentencing a defendant convicted of participating in a drug-trafficking conspiracy, the court is required to make an individualized finding as to drug amounts attributable to, or foreseeable by, that defendant."  354 F.3d at 103.  For a statutory *maximum* sentence, however, Colon-Solis explained that the applicable maximum in a drug conspiracy case is determined from a "conspiracy-wide perspective."  Id.; cf. United States v. Sanchez-Badillo, 540 F.3d 24, 35 (1st Cir. 2008) (noting that the defendants "each faced a statutory maximum sentence of life in prison" but also describing Colon-Solis's application to statutory minimums).  Accordingly, Colon-Solis requires a sentencing court to make individualized findings of drug quantity only with respect to determining statutory *minimum* sentence, not statutory *maximum* sentence.  354 F.3d at 103.  The government maintains that it can prove individual responsibility for only 10.5 grams of cocaine base and 64 grams of

4

cocaine powder. That amount would support a statutory minimum of only 5 years, but it does not affect the potential statutory maximum.

Here, because Odom pleaded guilty to a conspiracy-wide amount of at least 50 grams of cocaine base, the statutory maximum penalty for his conviction is life in prison. See 21 U.S.C. § 841(b)(1)(A)(iii). Because he is subject to an offense statutory maximum of life, the Sentencing Guidelines provide that, as a career offender, Odom's offense level is 37. U.S.S.G. § 4B1.1(b). Colon-Solis, although it affects the mandatory minimum sentence, does not alter this conclusion.

**SO ORDERED.**

**DATED THIS 28TH DAY OF JULY, 2009**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

5