# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:08-CR-67-DBH-05 |
| | ) | |
| GREGORY ODOM, | ) | |
| Defendant | ) | |

## ORDER ON MOTIONS TO APPOINT COUNSEL AND REDUCE SENTENCE

The defendant Gregory Odom has filed a motion to appoint counsel and a motion to reduce sentence because of the retroactive and more lenient crack cocaine Guideline. Letters from Def. (Docket Items 306 & 307). The motions are **Denied** because Odom's sentence ultimately was not based upon the crack cocaine Guideline.

At his original sentencing, Odom was held responsible for 10.5 grams of crack cocaine and 64 grams of cocaine powder, which were then converted into a total drug quantity of 222.8 kilograms of marijuana equivalent. At that time, that drug quantity resulted in a Base Offense Level of 26 (100 to 400 kilograms of marijuana), but Guideline § 2D1.1 comment n.10(D)(i) directed that two levels be subtracted because the quantity calculations involved both crack cocaine and at least one other type of drug. The adjusted Base Offense Level accordingly became 24. Odom then received a 2-level reduction for his role in the offense and a 3-level reduction for acceptance of responsibility, which

resulted in an adjusted offense level of 19. However, because Odom was a career offender, his adjusted offense level was increased to 37 (the maximum penalty in this case was life). After he received the 3-level reduction for acceptance again, his final and Total Offense Level was 34. In combination with his Criminal History Category of VI, Odom's guideline range was 262-327 months.

Under the new crack cocaine Guideline and using the new conversion factor of 1 gram of crack equals 3,571 grams of marijuana, the drugs listed above result in a revised total drug quantity of 50.3 kilograms of marijuana equivalent, which is a Base Offense Level of 20 (40 to 60 kilograms of marijuana). After applying all the other adjustments above, the revised adjusted offense level based upon drug quantity would be 15. However, due to his career offender status, Odom's calculations would be increased in the same manner as at his original sentencing, and his final Total Offense Level would remain 34 and the Guideline range would not change. Because Odom's sentence is based upon his career offender status, not upon the crack cocaine quantities, the new Guideline does not help Odom.

Odom did receive a variant sentence as well as a § 5K1.1 motion. United States v. Cardosa, 606 F.3d 16, 21 (1st Cir. 2010), permits me to resentence a defendant if I relied on the now-altered drug guideline, instead of the career offender guideline, in fashioning my original sentence. A review of the sentencing transcript makes clear that I did not rely upon the drug guideline to generate the sentence in this case.

Accordingly the motions are **DENIED**.

**SO ORDERED.**

**DATED THIS 3RD DAY OF NOVEMBER, 2011**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**